UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

**YL WEST 87th STREET, LLC,**

                Debtor.
-------------------------------------------------------X

Chapter 11

Case No. 09-16786 (AJG)

**AFFIDAVIT OF JULIAN WELDON, AN OFFICER OF
GARRISON RESIDENTIAL FUNDING II LLC, THE
<u>SOLE MEMBER OF THE DEBTOR</u>**

STATE OF NEW YORK    )
                                   ) ss:
COUNTY OF NEW YORK )

       JULI AN WELDON, being duly sworn, deposes and says:

       1.     I am an officer of Garrison Residential Funding II LLC ("Garrison II"), the sole member of YL West 87th Street, LLC ("Debtor") the Debtor herein. I am familiar with the matters set forth herein and make this Affidavit in support of the Debtor's application for authority to retain Marilyn Simon & Associates ("MSA") as its counsel, *nunc pro tunc* as at March 17, 2010.

       2.     On March 17, 2010, pursuant to the powers granted by the Uniform Commercial Code, Garrison Special Opportunities Fund LP ("Garrison"), the mezzanine lender to YL West 87th Holdings I LLC ("Holdings") which was the parent company of the Debtor, transferred all of Holdings' right, title and interest in the Debtor to Garrison Residential Funding II LLC ("Garrison II"), an affiliate of Garrison. Garrison II is now the sole member of the Debtor.

       3.     On March 17, 2010 after reviewing the possible counsel to represent the Debtor in the chapter 11 case, Garrison II determined to retain MSA because (a) of the firms' experience in representing debtors in chapter 11 cases and (b) the firm had no previous relation with the Debtor

or its various lenders and, therefore is therefore a "disinterested person" as defined in §101(14) of the Bankruptcy Code.

4. On March 19, 2010 I requested that Garrison II wire transfer MSA $50,000 as an initial retainer for services rendered and to be rendered the Debtor during the Chapter 11 case.

5. The Debtor presently has thirteen rent controlled tenants in its buildings, the rest of the apartments are vacant. It is likely that Garrison II will be requested to advance additional funds to the Debtor for operational, U.S. Trustee as well as fees and expenses of professional persons, for which it will seek payment as an administrative claim against the Debtor.

6. I have been made aware of this Court's opinion in <u>Lar Dan Enterprises, Inc</u>., 221 B.R. 93 (Bankr.S.D.N.Y.1998), and represent and allege as follows:

(a) I understand that any and all compensation paid and to be paid to MSA from any source will be subject to review by this Court for reasonableness.

(b) The Debtor is fully aware of all the facts relating to Garrison II's payment of the initial retainer to MSA and has expressly consented to its payment. In fact, as set forth in paragraph 2, above, Garrison II is the sole member of the Debtor.

(c) I have discussed the payment of the retainer with the Debtor and understand, notwithstanding such payment, MSA's undivided loyalty will remain with the Debtor.

(d) Other than as disclosed herein, neither I nor Garrison II has any relationship or affiliation with MSA.

(e) I have discussed the payment of the retainer with Harvey Strickon, Of Counsel to Paul, Hastings Janofsky & Walker LLP, who has agreed to the payment of the retainer, that the Debtor requires the retention of independent counsel, and that MSA is independent and holds no adverse interest to the Debtor in connection with the engagement of the firm and will carefully and appropriately represent the Debtor's interest in this case.

(f) Garrison II and I are fully aware that, despite its payment of the retainer to MSA, MSA is being retained solely as counsel to the Debtor, and neither I nor Garrison II will interfere with MSA's independent professional judgment as counsel to the Debtor or with the lawyer-client relationship.

(g)  Garrison II and I are fully aware that all confidential information between the Debtor and MSA is protected and will continue to be protected as required by Rule 1.6 of the New York Rules of Professional Conduct.

Dated: New York, New York
       March 26, 2010                                    /s/Julian Weldon
                                                         Julian Weldon

Sworn to before me this
26th Day of March 2010


/s/Marilyn Simon
MARILYN SIMON, Notary Public
State of New York
No. 02SI4860586
Qualified in New York County
Commission Expires May 5, 2010



I, Julian Weldon, an officer of Garrison Residential Funding II LLC ("Garrison II"), the sole member of the Debtor, certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief, and that I am duly authorized to execute this statement on behalf of Garrison II.

                                                         /s/Julian Weldon
                                                         Julian Weldon, an officer of
                                                         Garrison Residential Funding II LLC,
                                                         the sole member of the Debtor