| UNITED STATES BANKRUPTCY COURT | Return Date: May 19, 2010 |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | @ 9:30 a.m. |

------------------------------------------------------X
In re:

**YL WEST 87th STREET LLC,**

                Debtor.

------------------------------------------------------X

Chapter 11

Case No. 09-16786 (AJG)

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTOR TO REJECT CERTAIN REAL PROPERTY LEASES**

TO THE HONORABLE ARTHUR J. GONZALES,
UNITED STATES BANKRUPTCY JUDGE:

        The application of YL West 87th Street LLC, debtor and debtor in possession (the "Debtor"), by its attorneys Marilyn Simon & Associates, respectfully sets forth and alleges:

        1.    Heretofore, on November 12, 2009 (the "Filing Date"), the Debtor filed a petition for reorganization under chapter 11 of title 11 of the United States Code (the "Code") and no trustee or examiner has been appointed. The Debtor remains in possession of its assets and property pursuant to §§1107 and 1108 of the Code.

        2.    The Debtor's petition and schedules indicate that other than minimal funds in Capital One N.A. and miscellaneous office furniture fixtures and equipment, the Debtor's main asset consists of real property known as 101 West 87th Street, New York, New York.

        3.    In the Chapter 11 case of the Debtor's former parent company, YL West 87th Holdings I LLC ("YL1"), by opinion dated January 13, 2010, this court modified the automatic stay of §362 of the Code to permit Garrison Special Opportunities Fund LP ("Garrison"), YL1's mezzanine lender, to conclude a UCC foreclosure sale of the membership interest of the Debtor. On March 17, 2010 Garrison transferred all of YL1's right, title and interest in the Debtor's membership interest to Garrison Residential Funding II LLC ("Garrison II"), an affiliate of Garrison, which is now the sole member of the Debtor. The principal of YL1 is Yair Levy ("Levy").

4. By Order to Show Cause dated April 12, 2010 this court scheduled a hearing to consider entry of an order directing Levy and the Debtor's former counsel to deliver the books and records of the Debtor to Garrison II. The Debtor entered into a stipulation with its former counsel, pursuant to which said counsel delivered the information in its possession to the Debtor. In the stipulation, former counsel represented that they had no original documents in their possession. Former counsel delivered a CD to Debtor's counsel which former counsel indicated contained all of the information that former counsel had received from YL1. One of the items included in the CD, a copy of which is annexed hereto as Exhibit "A", is a "Rent Roll" that sets out the names of lessees of the apartments and retail spaces.

5. One and one-half hours prior to the hearing, Levy delivered to Debtor's counsel two small cartons, which were to have contained all the original books and records of the Debtor. Although a jumble of papers were contained in the boxes, a schedule of which is annexed hereto as Exhibit "B", no leases were included, no ledger sheets, no bank statements, no check books or any information that would permit the Debtor to prepare and file operating statements for period November 2009 through March 2010, or to identify the entities that may hold claims against the Debtor.

6. The Debtor advises that Yair Levy continues to occupy apartment 5J at the premises under the name Platinum Creations, Inc ("Platinum"), as Levy's residence, not as an office, but no lease for the space has been supplied to the Debtor. Indeed, the Debtor has received, but not deposited, two rent payment checks from Platinum each in the amount of $2,000. Copies of those checks are included herewith as Exhibit "C".

7. Moreover, Apartment 3M is occupied by Emily Vergara and Jane Doe. Ms. Vergara is the daughter of Levy's secretary. There is no lease for the premises and Ms. Vergara has not paid any rent for the apartment.

8.  By this application, the Debtor seeks entry of the proposed order (the "Proposed Order") a copy of which is annexed hereto as Exhibit "D", authorizing (a) rejection of the leases and/or termination of the occupancy for apartments 5J and 3M pursuant to §365(a) of the Code, (b) the Debtor to deposit the $4,000 in payments received from Platinum, without permitting the tenant of 5J to remain in possession, (c) and directing the eviction of the inhabitants of apartments 5J and 3M, and (d) the Debtor to terminate electricity and other services to said apartments; and directing that the tenants shall have no claim against the Debtor for the termination of their occupancy and their eviction from the premises. No leases exist for the rental of said apartments and the tenant in 3M has paid no rent for her occupancy thereof.

9.  Section 365(a) of the Code provides, in pertinent part, as follows:

> [T]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the Debtors.

11 U.S.C. §365(a). The bankruptcy courts uniformly defer to the business judgment of the Debtors in determining when it is appropriate to approve a Debtors's rejection or assumption of an unexpired lease under §365(a) of the Code. E.g., NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984); In re Minges, 602 F.2d 38, 42 (2d Cir. 1979); In re Childworld, Inc., 142 B.R. 87, 89 (Bankr.S.D.N.Y. 1992); In re Lionel Corp., 29 B.R. 694, 696 (Bankr.S.D.N.Y. 1983).

10. The Debtor has determined that neither tenant has any right to remain in possession of the apartments, and there is no economic or business justification to continue their occupancy thereof.

11. Notice of this application has been served upon the tenants, the Office of the United States Trustee, the Core Group as defined in the Case Management Order dated April 23, 2010 and all parties who filed requests for notice. Applicant submits that such notice satisfies the requirements of the Code, the Federal Rules of Bankruptcy Procedure.

12. The Debtor respectively requests that the Court waive and dispense with the requirements set forth in Rule 9013-1(b) of the Local Bankruptcy Rules that any motion filed shall

have an accompanying memorandum of law. This application does not raise a novel issue of law. Accordingly, the Debtor submits that a waiver of Rule 9013-1(b) requirement is appropriate in these circumstances.

13. No other application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor seeks entry of the Proposed Order rejecting the leases and terminating all occupancy rights with respect to such leases, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      May 4, 2010

                                      MARILYN SIMON & ASSOCIATES
                                      Attorneys for YL West 87th Street, LLC
                                      Debtor and Debtor in Possession

                                      By:   /s/Marilyn Simon
                                            Marilyn Simon (MS 6537)
                                            110 E. 59th Street, 23rd Floor
                                            New York, NY 10022
                                            (212) 759-7909