| UNITED STATES BANKRUPTCY COURT | Presentment Date: June 17, 2010 |
| SOUTHERN DISTRICT OF NEW YORK | @ 9:00 a.m. |

-----------------------------------------------------------X

In re:  Chapter 11
Case No. 09-16786

**YL WEST 87th STREET LLC,**

                Debtor

-----------------------------------------------------------X

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF REAL ESTATE BROKER TO THE DEBTOR

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

      The application of the above captioned debtor and debtor in possession (the "Debtor"), by its attorneys Marilyn Simon & Associates, respectfully sets forth and alleges:

      1. On November 12, 2009 (the "Filing Date") the Debtor filed a petition under chapter 11 of title 11 of the United States Code (the "Code") and has been continued in the management and operation of its businesses and property as debtor in possession pursuant to §§1107 and 1108 of the Code. No trustee or examiner has been appointed.

      2. The Debtor is advised that the United States Trustee is sending out new requests to the larger creditors for their participation in an unsecured creditors committee, but as at the date of this application no committee has been formed.

      3. The Debtor's former parent company, YL West 87th Holdings I LLC ("Holdings"), filed a chapter 11 case on September 9, 2009 to obtain the automatic stay of §362 of the Bankruptcy Code to enjoin Holding's mezzanine lender, Garrison Special Opportunities Fund LP ("Garrison") from concluding a UCC foreclosure sale of the membership interest of the Debtor.

4. By Motion dated September 14, 2009 Garrison sought relief from the automatic stay in the Holdings chapter 11 case. After hearing testimony and considering the arguments raised by the parties, the court determined, by opinion entered January 13, 2010, that Garrison's motion for relief from the automatic stay should be granted in that (a) Holdings had insufficient indirect equity in the Debtor's assets to permit the court to grant a priming lien to a new lender to obtain operating capital, and (b) Holdings could not prove that there was any likelihood it could meet the tests required to confirm an effective plan of reorganization.

5. On March 15, 2010 (the "Title Transfer Date"), pursuant to the powers granted to it by the Uniform Commercial Code, Garrison transferred all of Holdings' right, title and interest in the Debtor's membership interest to Garrison Residential Funding II LLC ("Garrison II"), an affiliate of Garrison, which is now the sole member of the Debtor.

6. The Debtor, through its sole member, Garrison II, seeks authority to retain the firm of Eastdil Secured, L.L.C. ("Eastdil"), a well known and respected firm specializing in the marketing and sale of real estate properties. The Debtor has determined that in the present real estate market it makes much more sense to sell the land and buildings it owns at 101 West 87th Street (the "Realty"), than to invest significant time and money to expand and update the premises. As market forces change, that determination may be revisited.

7. For the past several months the Debtor has marketed the Realty and has met with and discussed the disposition of the Realty with various developers and other buyers. The Debtor believes that it has already met with most entities that might be interested in acquiring the Realty.

8. The Debtor has interviewed a number of real estate brokers and has determined that Eastdil has the knowledge, experience and contacts best suited to marketing the property.

9. Annexed hereto as Exhibit "A" is a proposed retention agreement (the "Agreement") dated June 10, 2010 with Eastdil for which the Debtor seeks Court approval. The Agreement gives Eastdil the exclusive right to market the Realty and provides that Easdil will:

   a. show the Realty to prospective purchasers;

   b. charge the Debtor for expenses incurred in marketing the realty and be paid by the Debtor for such charges in accordance with the compensation order approved by the Court on April 6, 2010 for such expenses not to exceed $50,000, in the aggregate;

   c. submit a weekly list to Debtor, identifying prospects contacted;

   d. be paid a commission of 1.5% of the sales price not to exceed $500,000; and

   e. the retention agreement contains a confidentiality provision and Eastdil is required to obtain a similar agreement from all prospects before releasing any data regarding the Realty.

   f. Eastdil may assist a proposed purchaser to obtain financing to purchase the Realty and may be paid a fee by the Purchaser for such service. In no event will the fee reduce or be a credit against the commission to be paid under the agreement. Eastdil shall file additional disclosures with the court, the Debtor, the Committee and the United States Trustee, in the event Eastdil is requested to render such assistance to a purchaser, including the fees sought and any and all connections with the purchaser.

10. The Debtor retains exclusive authority regarding the acceptance of any offer. Eastdil will not earn or be paid any commission until the Debtor accepts an offer that has been approved by this Court through plan of reorganization. Garrison's lien on the Realty exceeds $44 million. Garrison has indicated a willingness to set aside certain funds from the sale for distribution to creditors of this case – it being understood that in a straight liquidation it is extremely unlikely

that there would be any funds in excess of Garrison's lien and the costs to market and sell the Realty to fund a plan in this case.

11. Annexed hereto as Exhibit "B" is the affidavit of Adam J. Spies, Senior Managing Director of Eastdil which sets forth, generally, that, except as set forth herein, Eastdil represents no interest adverse to the Debtor herein or the estate in matters upon which it is to be engaged. Eastdil has had no prepetition relationship with the Debtor, Eastdil is owed no monies by the Debtor and, the Debtor submits, is therefore, disinterested as required by §327 of the Code.

12. The Debtor seeks to retain Eastdil in accordance with the provisions of Agreement and pursuant to the proposed order approving Eastdil's retention.

13. To the best of the Debtor's knowledge, Eastdil has no connection with any of the Debtor's creditors or any other parties in interest in this case, except that the firm may have been retained and may continue to be retained by certain of the Debtor's creditors or other parties in interest in matters unrelated to this case. In addition, Eastdil performed an internal conflicts check by computer and discussed the issue with each of its employees to confirm the foregoing statement.

14. The Debtor believes that Eastdil is "disinterested" within the meaning of §101(14) of the Code. Spies' affidavit sets forth the commission that Eastdil will be paid upon closing of a sale of the Realty.

15. Notice of motion for this application, its exhibits and the proposed order has been given to the Core Group as that term is defined in the Case Management Order entered by this Court on April 23, 2010, including counsel to the official committee of unsecured creditors and those parties having filed requests for notice. Applicant submits that the notice given of this application satisfies the requirements of the Code and the Federal Rules of Bankruptcy Procedure.

16. The Debtor respectively requests that the Court waive and dispense with the requirements set forth in Rule 9013-1(b) of the Local Bankruptcy Rules that any motion filed shall have an accompanying memorandum of law. The applicable law has been cited in this application. Accordingly, the Debtor submits that a waiver of Rule 9013-1(b) requirement is appropriate in these circumstances.

17. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully prays for the entry of the prefixed order, annexed hereto as Exhibit "C", and for such other and further relief as to this court is just and proper.

Dated: New York, New York      MARILYN SIMON & ASSOCIATES
       June 7, 2010                 Attorneys for YL West 87th Street LLC.
                                       Debtor and Debtor in Possession

                                         By: /s/Marilyn Simon
                                                  Marilyn Simon
                                                  110 East 59th Street, 23rd Floor
                                                  New York, New York 10022