## SCHEDULE A TO DEED

## (PROPERTY DESCRIPTION)

ALL that certain plot, piece or parcel of land, situate lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of West 87th Street and the westerly side of Columbus Avenue;

RUNNING THENCE westerly along the northerly side of West 87th Street, 108 feet 4 inches to a point;

THENCE northerly and parallel with the westerly side of Columbus Avenue, 100 feet 8-1/2 inches to the center line of the block;

THENCE westerly along the center line of the block, 7 feet 8 inches to a point;

THENCE northerly and parallel with the westerly side of Columbus Avenue, 100 feet 8-1/2 inches to the southerly side of West 88th Street;

THENCE easterly along the southerly side of West 88th Street, 16 feet to a point;

THENCE southerly and parallel with the westerly side of Columbus Avenue, 50 feet 8-1/2 inches to a point;

THENCE easterly and parallel with the southerly side of West 88th Street, 100 feet to the westerly side of Columbus Avenue;

THENCE southerly along the westerly side of Columbus Avenue, 150 feet 8-1/2 inches to the point or place of BEGINNING.

## EXHIBIT G

### CERTIFICATION OF NON-FOREIGN STATUS

Section 1445 of the Internal Revenue Code provides that a transferee of a U.S. real property interest must withhold tax if the transferor is a foreign person. To inform the transferee that withholding of tax is not required upon the disposition of a U.S. real property interest by **YL WEST 87TH STREET LLC**, a Delaware limited liability company (the "Company"), the undersigned hereby certifies the following on behalf of the Company that:

1.    The Company is not a foreign corporation, foreign partnership, foreign trust, or foreign estate (as those terms are defined in the Internal Revenue Code and Income Tax Regulations);

2.    The U.S. Federal Identification Number of the Company is 20-3196035; and

3.    The Company is not a disregarded entity as defined in Internal Revenue Regulations §1.1445.2(b)(2)(iii); and

The address of the Company is:

> c/o Garrison Investment Group
> 1350 Avenue of the Americas
> New York, New York 10019

The Company understands that this certification may be disclosed to the Internal Revenue Service by transferee and that any false statement contained herein could be punished by fine, imprisonment, or both.

[NO FURTHER TEXT ON THIS PAGE; SIGNATURE PAGE FOLLOWS]

Under penalties of perjury the undersigned declares that the undersigned has examined this certification and to the best of his knowledge and belief it is true, correct and complete, and the undersigned further declares that he has authority to sign this document on behalf of the Company.

Dated: _____, 20__

**YL WEST 87TH STREET LLC,**
as Debtor and Debtor-in-Possession


By:_____
　　　Name: Julian Weldon
　　　Title: Secretary

## EXHIBIT H

### BILL OF SALE AND GENERAL ASSIGNMENT

THIS BILL OF SALE AND GENERAL ASSIGNMENT (this "Assignment") is executed as of the _____ day of _____, 20__ by **YL WEST 87TH STREET LLC**, a Delaware limited liability company, having an address c/o Garrison Investment Group, 1350 Avenue of the Americas, New York, New York 10019 ("Assignor") in favor of **101W87 LLC**, a Delaware limited liability company, having an address at 299 Park Avenue, 42 Floor, New York, NY 10171 ("Assignee").

WHEREAS, Assignee is this day purchasing from Assignor and Assignor is conveying to Assignee the Assets (as such term is described in that certain Contract of Sale dated as of _____ between Assignor and Assignee (the "Contract")).

WHEREAS, Assignor desires to assign, transfer, set over and deliver to Assignee all of Assignor's rights, if any, in and for all furnishings, fixtures, fittings, appliances, apparatus, equipment, machinery and other items of personal property, if any, affixed or attached to, or placed or situated upon, the Property, and the following incidental rights and appurtenances relating thereto (collectively, the "Assigned Properties"):

A.     All of Assignor's right, title and interest in and to all use, occupancy, building and operating permits, licenses, approvals, documents, instruments, if any, issued from time to time with respect to the Property or the Assigned Properties;

B.     All of Assignor's right, title and interest in and to all existing and assignable guaranties and warranties (express or implied), if any, issued in connection with the construction, alteration and repair of the Assets and/or the purchase, installation and the repair of the Assigned Properties; and

C.     All of Assignor's right, title and interest in and to all Personal Property (as defined in the Contract).

NOW, THEREFORE, in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.     Assignor hereby assigns, transfers, sets over and delivers to Assignee, its successors and assigns, all of Assignor's right, title and interest, if any, in and to the Assigned Properties.

2.     Except as provided in the Contract, this Assignment is made without warranty, representation, or guaranty by, or recourse against Assignor of any kind whatsoever.

3.     This Assignment may be executed in any number of counterparts, each of which may be executed by any one or more of the parties hereto, but all of which shall

constitute one and the same instrument, and shall be binding and effective when all parties hereto have executed and delivered at least one counterpart.

4.      The terms and provisions of this Assignment shall be binding upon and inure to the benefit of the respective parties hereto, and their respective successors and assigns.

[NO FURTHER TEXT ON THIS PAGE; SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Assignor has caused this Assignment to be duly executed as of the day and year first written above.

ASSIGNOR:

**YL WEST 87TH STREET LLC,**

By:_____
    Name:  Julian Weldon
    Title:  Secretary

## EXHIBIT I

### OWNER'S TITLE AFFIDAVIT

Title No.: LT100012

Premises: 101 West 87 Street, New York, NY
Block 1218 Lot 29
New York County
State of New York
County of New York

The undersigned, solely in its capacity as Secretary of 101 WEST 87th STREET LLC (the "Owner"), of full age, being duly sworn according to law, deposes(s) and say(s):

7.  The Owner is the owner of the premises described on Schedule A attached hereto ("the Premises").

8.  That, to the affiant's knowledge, there has been no work done upon the Premises by the City of New York nor any demand made for any such work by the City of New York that may result in charges assessed by the Office of Rent and Housing Maintenance, Emergency Repairs Division.

9.  That, to the affiant's knowledge, there has been no work done upon the Premises by the City of New York, nor any demand for any such work by the City of New York that may result in charges assessed by the Department of Health.

10. That, to the affiant's knowledge, there are no unpaid fees or charges levied by the City of New York Department of Buildings for inspections, reinspections, examinations, services or permits relating to the Premises except as shown on the Title report (Title No. LT100012).

11. There are no present tenants, lessees or other persons in possession of the Premises except as set forth on Schedule B attached hereto.

12. The affiant makes this affidavit to induce Commonwealth Land Title Insurance Company to insure title to the aforesaid policy.

[NO FURTHER TEXT ON THIS PAGE; SIGNATURE PAGE FOLLOWS]

**YL WEST 87TH STREET LLC**

By: _____
Name: Julian Weldon
Title: Secretary

Sworn to before me this __ day of _____, 20__.

_____
Notary Public

# EXHIBIT J

## ASSIGNMENT AND ACCEPTANCE OF LEASES

**YL WEST 87TH STREET LLC**, a Delaware limited liability company ("Seller"), in consideration of the sum of Ten and No/100 Dollars ($10.00), in hand paid, the receipt and sufficiency of which hereby is acknowledged, hereby sells, assigns, transfers, and sets over unto **101W87 LLC**, a Delaware limited liability company ("Buyer"), pursuant to that certain Contract of Sale dated as of [___] (the "Purchase Agreement") between Buyer and Seller, the following described property (all capitalized terms used but not elsewhere defined herein shall have the respective meanings ascribed to such terms in the Purchase Agreement):

1.      All of Seller's right, title, and interest as lessor with respect to (x) the tenancies, occupancies and licensees more particularly described in Schedule A attached hereto and made a part hereof and (y) the leases, licenses, licenses and other agreements more particularly described in said Schedule A (collectively, the "Leases") affecting all or any portion of the Real Estate which Real Estate is located at 101 West 87th Street, New York, New York and is legally described on Exhibit A attached hereto, together with (a) all rents due but unpaid, accrued, or to become due under each such Lease, (b) all rents that have been received and are allocable to periods following the Closing Date, and (c) all guaranties by third parties of the tenants' obligations thereunder.

2.      All lease security deposits (the "Security Deposits") under the Leases (including both cash and non cash items given as lease security deposits), together with all interest thereon, subject, however, to the rights of tenants therein and to the terms and provisions of the Purchase Agreement.

3.      All claims against tenants under the Leases or against the guarantors thereof.

The Leases are sold, transferred, conveyed, assigned, and set over unto Buyer subject to the Permitted Exceptions.

[NO FURTHER TEXT ON THIS PAGE; SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, and intending to be legally bound hereby, Seller has executed and delivered this Assignment and Acceptance of Leases as of the date set forth below.

SELLER:

**YL WEST 87TH STREET LLC,**
as Debtor and Debtor-in-Possession

By:_____
     Name: Julian Weldon
     Title: Secretary

ACCEPTANCE

Buyer hereby accepts the foregoing assignment as of the Closing Date and assumes Seller's obligations under the Leases to the extent such obligations accrue after the Closing Date provided, however, Buyer does not accept Seller's obligation to return any security deposit (and interest thereon) unless Seller concurrently with its execution and delivery of the foregoing Assignment delivers to Buyer such security deposit and interest, if any, required to be accrued thereon by the Lease in question or applicable law.

Date: _____, 20__

**101W87 LLC**

By: _____
Name:
Title:  Manager

By: _____
Name:
Title:  Manager

EXHIBIT A
TO
ASSIGNMENT AND ACCEPTANCE OF LEASES

LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, situate lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of West 87th Street and the westerly side of Columbus Avenue;

RUNNING THENCE westerly along the northerly side of West 87th Street, 108 feet 4 inches to a point;

THENCE northerly and parallel with the westerly side of Columbus Avenue, 100 feet 8-1/2 inches to the center line of the block;

THENCE westerly along the center line of the block, 7 feet 8 inches to a point;

THENCE northerly and parallel with the westerly side of Columbus Avenue, 100 feet 8-1/2 inches to the southerly side of West 88th Street;

THENCE easterly along the southerly side of West 88th Street, 16 feet to a point;

THENCE southerly and parallel with the westerly side of Columbus Avenue, 50 feet 8-1/2 inches to a point;

THENCE easterly and parallel with the southerly side of West 88th Street, 100 feet to the westerly side of Columbus Avenue;

THENCE southerly along the westerly side of Columbus Avenue, 150 feet 8-1/2 inches to the point or place of BEGINNING.

SCHEDULE A
TO
ASSIGNMENT AND ACCEPTANCE OF LEASES

LEASES AND TENANCIES

# **EXHIBIT K**

## LEASES AND TENANCIES

## 101 West 87th Street

| Tenant | Unit | Lease Start | Lease Expiration |
|---|---|---|---|
| **RESIDENTIAL** | | | |
| Patria and Lillian Fuentes | 2D | 8/1/2009 | 7/31/2010 |
| Ellen Berman | 2M | 11/1/2009 | 10/31/2011 |
| Maxemina Martinez | 2N | 8/1/2009 | 7/31/2011 |
| Helen Chan | 3D | 11/1/2009 | 10/31/2011 |
| Ruth Rosenberg | 3E | 9/1/2009 | 8/31/2010 |
| Rob/Sam Sande | 3J | 11/1/2009 | 10/31/2011 |
| Adina Aldad & Iraj Uri Aldad (free market)** | 3L | 6/1/2009 | 5/31/2011 |
| Jaimie Perla (Emily Vergara, as sublessee) | 3M | 10/15/2009 | 10/14/2012 |
| Francia Chandler | 3N | 11/1/2009 | 10/31/2011 |
| Michael J. Spiegel (free market)*** | 3P | 8/1/2009 | 7/31/2011 |
| Gloria Anderson* | 4C | | |
| Floyd Resnick | 4M | 11/1/2009 | 10/31/2011 |
| Nadeen Ayala | 4N | 11/1/2009 | 10/31/2011 |
| Peter Jeffries-Ferrara | 5C | 9/1/2009 | 8/31/2011 |
| Nancy Vasquez | 8J | 11/1/2009 | 10/31/2011 |
| Subtotal | | | |

| Commercial Lease Description**** | Unit |
|---|---|
| Agreement of Lease dated as of June 17, 1994 between Black Cat Management Corp., as tenant ("Original Tenant"), and YL West 87th Street LLC (as successor-in-interest to KBF + Related Columbus Partners, Inc.), as landlord ("Landlord"),as amended, modified or otherwise supplemented by that certain Letter Agreement dated November 1, 2000 between Original Tenant and Landlord, and that certain First Amendment of Lease dated as of July 8, 2004 between Original Tenant and Landlord | STORE1 |
| Agreement of Lease dated as of February 23, 2005 between International Hair Fashion Inc. ("Tenant"), as tenant, and YL West 87th Street LLC (as successor-in-interest to Columbus Green, L.L.C.), as landlord ("Landlord"), as amended, modified or otherwise supplemented by that certain Guaranty by Saverio Coluccio dated as of February 23, 2005, and that certain Letter Agreement between Tenant and Landlord dated May 4, 2005 | STORE2 |
| None | STORE3 |
| Agreement of Lease dated as of November 1, 1994 between Earthwise Animal Products, Inc., as tenant ("Tenant"), and YL West 87th Street LLC (as successor-in-interest to KBF + Related Columbus Partners), as landlord ("Landlord"), as amended, modified or otherwise supplemented by that certain Lease Amendment & Modification Agreement dated August, 2009 between Landlord and Tenant | STORE4 |
| Agreement of Lease dated as of June 14, 2004 between Trevor Day School, as tenant ("Tenant"), and YL West 87th Street LLC (as successor-in-interest to Columbus Green, L.L.C.), as landlord ("Landlord"), as amended, modified or otherwise supplemented pursuant to that certain Lease Extension and Modification Agreement dated June 12, 2009 between Landlord and Tenant | STORE5 |
| Agreement of Lease dated as of July 8, 2004 between Black Cat Management Corp, as tenant ("Original Tenant") and YL West 87th Street LLC (as successor-in-interest to Columbus Green, L.L.C.) as landlord ("Landlord"), (collectively, the "Store 6 Lease"), which Store 6 Lease was assigned by Original Tenant to Black Cat II Management Corp. ("Black Cat II") pursuant to that certain Assignment and Assumption of Lease dated July 20, 2004, as amended, modified or otherwise supplemented by that certain Guaranty by Paul Howell dated July 13, 2004, as same was further assigned by Black Cat II to Center for Avian and Exotic Veterinary Medicine, PLLC, pursuant to that certain Assignment and Assumption of Lease dated January 25, 2005 | STORE6 |
| Agreement of Lease dated as of December 2, 1991 between New SMSA Limited Partnership, as tenant, and YL West 87th Street LLC (as successor-in-interest to KBF + Related Columbus Partners, Inc.), as landlord | WIRELESS |
| Subtotal | |
| Total Rent Roll | |

*No lease on record, unable to reach tenant, but listed with DHCR as a stabilized tenant
**Tenant has a one-time one (1) year renewal option with written notice by 4/30/2011
***Tenant has a one-time one (1) year renewal option with written notice by 7/1/2011
**** No commercial tenants have renewal options

## **EXHIBIT L**

EMPLOYMENT INFORMATION

(Attached)

Exhibit L

## 101 West 87th Street

| List of Employees | Union | Local | Title | Collective Bargaining Agreements |
|---|---|---|---|---|
| Albing Liriano | Union | 32BJ | Resident Manager | 2010 Apartment Building Agreement |
| Slawomir Czarnowski | Union | 32BJ | Porter | 2010 Apartment Building Agreement |
| Juan Rivera | Union | 32BJ | Porter | 2010 Apartment Building Agreement |

| Security | Term | Start Date | Service | Termination |
|---|---|---|---|---|
| Security USA, 1 unarmed agent | 1 year | Mar-10 | 24/7 | 30 days notice by either party |

**Employment Claims** and **Employment Payments** as set forth in Section 4.6.6 of the Contract of Sale (which Employment Claims and Employment Payments shall be resolved in accordance therewith)

# EXHIBIT M

LEVY SETTLEMENT AGREEMENT (FULLY EXECUTED) & ORDER APPROVING
SETTLEMENT AGREEMENT

(Attached)

## SETTLEMENT AGREEMENT, TERMINATION OF LEASE AND RELEASE

This Settlement Agreement, Termination of Lease and Release (this "**Agreement**") dated as of September 27, 2010 ("**Effective Date**") is made by and among YL WEST 87TH STREET LLC, a Delaware limited liability company ("**Owner**"), GARRISON RESIDENTIAL FUNDING LLC, a Delaware limited liability company ("**Mortgage Lender**"), GARRISON RESIDENTIAL FUNDING II LLC, a Delaware limited liability company ("**Mezzanine Lender**", together with Mortgage Lender, the "**Garrison Lenders**", and together with Owner, the "**Garrison Parties**"), YAIR LEVY, a natural person (on behalf of himself and his affiliates, "**Levy**") and PLATINUM CREATIONS, INC., a New York corporation (together with any affiliate thereof, "**Tenant**", together with Levy, the "**Levy Parties**", and together with the Garrison Parties, the "**Parties**").

## RECITALS

WHEREAS, Owner is the owner in fee simple of certain real property located at 101 West 87th Street, New York, New York, and more particularly described on <u>Exhibit A</u> attached hereto, together with all improvements, buildings, and structures located thereon and appurtenant thereto (the "**Property**");

WHEREAS, Owner filed a case under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York on November 13, 2009 (the "**Chapter 11 Case**") bearing docket no. 09-16786;

WHEREAS, Tenant claims to have a leasehold interest in the Property by virtue of a certain Lease dated March __, 2009 between Owner and Tenant (the "**Lease**") and currently occupies certain portions of the Property, including, without limitation, apartment 1A, apartment 5J, apartment 5H and apartment 5K (the "**Occupied Premises**"). The Levy Parties acknowledge that Owner disputes the validity of the Lease and any rights of any Levy Party to occupy any portion of the Property and Owner commenced an adversary proceeding in the Chapter 11 Case under A.P. no. 10-03345, seeking to terminate the Lease as a fraudulent conveyance;

WHEREAS, Levy executed a certain Guaranty Agreement (the "**Mortgage Guaranty**") dated as of September 20, 2007 in favor of Column Financial, Inc. ("**Column**") in connection with a mortgage loan in the principal amount of up to $46,407,973.80 (the "**Mortgage Loan**"), which Mortgage Loan was made pursuant to (i) that certain Senior Loan Agreement (the "**Senior Loan Agreement**") dated September 20, 2007 between Owner, as borrower, and Column, as lender, (ii) that certain Amended and Restated Building Loan Agreement (the "**Building Loan Agreement**") dated June 8, 2008 between Owner, as borrower, and Arbor Realty SR, Inc., as lender (as successor in interest to Column) ("**Arbor**", together with Column, "**Original Lender**"), and (iii) that certain Project Loan Agreement (the "**Project Loan Agreement**", together with the Senior Loan Agreement and the Building Loan Agreement, the "**Mortgage Loan Agreements**") dated September 20, 2007 between Owner, as borrower, and Column, as lender;

WHEREAS, Mortgage Lender succeeded to all of Original Lender's right, title and interest in and to the Mortgage Loan Agreements, the Mortgage Guaranty and all other documents and agreements executed and/or delivered in connection with the Mortgage Loan (the "**Mortgage Loan Documents**") and is still the owner and holder thereof;

WHEREAS, Levy executed a certain Guaranty Agreement dated as of September 20, 2007 in favor of Column (the "**Mezzanine Guaranty**", together with the Mortgage Guaranty, each a "**Guaranty**", and, collectively, the "**Guaranties**") in connection with a mezzanine loan (the "**Mezzanine Loan**", together with the Mortgage Loan, the "**Loans**") in the principal amount of up to $20,000,000.00, which Mezzanine Loan was made pursuant to that certain Mezzanine Loan Agreement (the "**Mezzanine Loan Agreement**") between YL West 87th Holdings I LLC, as borrower, and Column, as lender;

WHEREAS, Mezzanine Lender succeeded to all of Column's right, title and interest in and to the Mezzanine Loan Agreement, the Mezzanine Guaranty and all other documents and agreements executed and/or delivered in connection with the Mezzanine Loan (the "**Mezzanine Loan Documents**", together with the Mortgage Loan Documents, the "**Loan Documents**") and is still the owner and holder thereof;

WHEREAS, on or about March 31, 2010, Mezzanine Lender commenced an action (the "**Action**") against Levy on the Mezzanine Guaranty in the Supreme Court of the State of New York, New York County (the "**Court**"), Index No. 600827/10; and

WHEREAS, the Parties wish to resolve all rights, duties, obligations and claims each party may have against the other with respect to the Action, the Lease and the Loan Documents, including, without limitation, the Guaranties, upon the terms and conditions more particularly set forth below.

NOW, THEREFORE, in consideration of the mutual covenants and conditions contained in this Agreement and other good and valuable consideration, receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     <u>Termination of Lease; Surrender of Occupied Premises.</u>

    a.     <u>No Other Interest, Assignments or Subleases.</u> The Levy Parties represent and warrant (i) that other than the rights of the Tenant (if any) under the Lease, no Levy Party or any affiliate, employee, director or agent thereof has, has had, or claims to have, any leases, tenancies, rights to occupy, or interests, whether commercial or residential, in, on or to, any portion of the Property, (ii) that Tenant has not assigned, mortgaged, pledged, encumbered, subleased or otherwise transferred any interest, or granted any occupancy or other rights, with respect to the Lease, the Occupied Premises or any portion of the Property and (iii) no Levy Party or any affiliate, employee, director or agent thereof has ever resided at the Property or otherwise used any of the apartments at the Property for residential purposes.

    b.     <u>No Defaults.</u> Tenant represents: that Owner is not in default under the Lease and that Tenant has no claims or causes of action against Owner or any of its affiliates with respect to the Lease, the Occupied Premises or the Property.

c. **Termination.** Tenant and Owner hereby terminate the Lease and confirm that the Lease is of no further force and effect and that Tenant has no further rights of any kind with respect to the Lease, the Occupied Premises or the Property.

d. **Surrender.** The Levy Parties hereby irrevocably surrender all rights (if any) to possess or occupy the Occupied Premises. Prior to September 30, 2010 (the **"Date of Vacatur"**), (i) the Levy Parties shall vacate the Occupied Premises, remove all belongings and personal property therefrom, deliver to Owner all keys and combinations to the Occupied Premises, and (ii) the Occupied Premises shall be broom clean and in good condition and free of all property, persons and entities and of all rights thereof. Tenant represents that all of the property in the Occupied Premises is the property of Tenant and is not encumbered by any third party. Any property in the Occupied Premises remaining after the Date of Vacatur shall be deemed abandoned and may be removed by Owner without any further liability.

e. **Rent Stabilization Laws.** The Levy Parties acknowledge that Tenant used the Occupied Premises solely as office space and not for any residential purpose whatsoever and that the Lease is a nonresidential lease in substance. The Levy Parties represent that except as otherwise expressly provided herein, no authorization or approval of any governmental authority (including, without limitation, the Division of Housing and Community Renewal, the (**"DHCR"**)) is required to be obtained by any of the Parties in connection with the execution, delivery, and performance of this Agreement. The Levy Parties further represent that no consent, authorization or approval of Tenant is required to be obtained, nor is any action required by the Parties in connection with any rent stabilization laws, including, without limitation, the Emergency Protection Act and The Rent Stabilization Law and Code (the **"Rent Stabilization Laws"**) in connection with the execution, delivery, and performance of this Agreement; provided that, to the extent Tenant has consent or authorization rights under the Rent Stabilization Laws, such rights are hereby waived to the extent permitted by law.

2. **Discontinuance of Action.** Provided the Levy Parties shall vacate the Occupied Premises by the Date of Vacatur and strictly comply with the provisions of Section 1(d) hereof, Mezzanine Lender and Levy shall file with the Court a stipulation of discontinuance without prejudice (the **"Stipulation"**) in a form necessary to obtain an order from the Court discontinuing the Action without prejudice pursuant to section 3217 of the New York Civil Practice Law and Rules.

3. **Release of Guaranties.**

a. **Garrison Parties' Release of Levy.** Provided the Levy Parties vacate the Occupied Premises by the Date of Vacatur and strictly comply with the provisions of Section 1(d), effective as of the Date of Vacatur, each of the Garrison Parties, for itself and its legal representatives, successors and assigns and all persons claiming by, through or under it, hereby releases each of the Levy Parties and its respective legal representatives, successors and assigns, its affiliates, the present and former directors, members, partners, trustees, shareholders, employees, agents, representatives and advisors of any of the foregoing and the respective heirs, executors, administrators, legal representatives, successors and assigns of any of the foregoing, from and with respect to any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements,

promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever (collectively "**Claims**"), in law, admiralty or at equity, known or unknown, suspected or unsuspected, which such party, its successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world arising from or out of, or connected with, or which relate to the Guaranties, the Lease, the Loans or any Loan Document (the "**Settlement Documents**").

Notwithstanding anything to the contrary set forth in this Agreement (i) the release set forth in this Section 3(a) shall not become effective if the Levy Parties shall fail to vacate the Occupied Premises by the Date of Vacatur or otherwise fail to strictly comply with the provisions of Section 1(d) hereof, and (ii) the Levy Parties shall remain obligated under this Agreement and failure of the Levy Parties to fully comply with any of their respective obligations hereunder shall render this Section 3 void and ineffective; specifically, if any Levy Party or affiliate thereof claims to have any rights under the Lease or otherwise occupy any portion of the Property, then this release is automatically rescinded and the Garrison Parties are permitted to recommence the Action.

b.     Levy Parties' Release of Garrison Parties. Each of the Levy Parties, for itself and its legal representatives, successors and assigns and all persons claiming by, through or under it, hereby releases each of the Garrison Parties and its respective legal representatives, successors and assigns, its affiliates, the present and former directors, members, partners, trustees, shareholders, employees, agents, representatives and advisors of any of the foregoing and the respective heirs, executors, administrators, legal representatives, successors and assigns of any of the foregoing, from and with respect to any and all Claims in law, admiralty or at equity, known or unknown, suspected or unsuspected, which such party, its successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world arising from or out of, or connected or which relate to the Settlement Documents and/or the Property.

4.     Authorizations; Enforceability.

a.     Tenant is a duly incorporated and existing corporation in good standing under the laws of the State of its formation and is authorized to do business in the State of New York.

b.     Tenant has the right, power, and authority to execute this Agreement and to perform its obligations under this Agreement. The execution and delivery of this Agreement by Tenant and the performance by Tenant under this Agreement has been authorized by all necessary corporate action of Tenant.

c.     Levy is competent, and has sufficient legal capacity to enter into, deliver, and perform his respective obligations under this Agreement and the documents to be executed and delivered by him pursuant to this Agreement.

d.     This Agreement is enforceable against each Levy Party in accordance with its terms and will be valid and enforceable against each of the Levy Parties in

accordance with its terms, subject to the effect of bankruptcy and other laws affecting creditor's rights generally.

e.     Each Garrison Lender is a duly organized and existing limited liability company in good standing under the laws of the State of its formation and is authorized to do business in the State of New York.

f.     Each Garrison Lender has the right, power, and authority to execute this Agreement and to perform its obligations under this Agreement. The execution and delivery of this Agreement by each Garrison Lender and the performance by each Garrison Lender under this Agreement has been authorized by all necessary limited liability company action of such Garrison Lender.

g.     This Agreement is enforceable against each of the Garrison Parties in accordance with its terms and will be valid and enforceable against the Garrison Parties in accordance with its terms, subject to the effect of bankruptcy and other laws affecting creditor's rights generally.

5.     <u>Miscellaneous Provisions</u>

a.  <u>Recitals</u>.  The recitals to this Agreement are fully incorporated herein by this reference thereto with the same force and effect as though restated herein.

b.  <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimiles or PDF copies of the executed Agreement are binding on the Parties to the same extent as the signed originals.

c.  <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to the conflict of laws provisions of such laws.

d.  <u>Drafter</u>.  The Parties agree that neither Party shall be considered the drafter of this Agreement or any provision herein for the purpose of any statute, case law or rule of interpretation or construction that would cause any provision to be construed against the drafter.

e.  <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the parties.  There are no promises or other agreements, oral or written, express or implied, between them other than as set forth in this Agreement.

f.  <u>Severability</u>.  If any provision of this Agreement shall be determined to be invalid, unenforceable, the remaining provisions of this Agreement shall not be affected thereby, and every provision of this Agreement shall remain in full force and effect and enforceable to the fullest extent permitted by law.

g.  <u>No Waivers</u>.  No failure or delay of either party in the exercise of any right under this Agreement will be deemed to be a waiver of such right.  No waiver by either

party of any condition under this Agreement for its benefit or any breach under this Agreement will constitute a waiver of any other or further right or subsequent breach.

h. Amendment. No purported amendment to or waiver of any term of this Agreement will be binding upon any party, or have any other force or effect in any respect, unless the same is in writing and signed by the party to be charged.

i. Captions. The captions, headings and arrangements used in this Agreement are for convenience only and do not in any way affect, limit, amplify or modify the terms and provisions hereof.

j. Fees. Each party shall its own costs, expenses and fees (including without limitation, legal fees, accounting fees, and financial consulting fees) incurred in connection with the Action and this Agreement.

k. Confidentiality. The Parties hereto shall keep this Agreement and its terms confidential. Notwithstanding the foregoing, nothing shall prevent the parties hereto from discussing this Agreement and its terms with its attorneys, accountants, other financial advisors, consultants, lenders, prospective lenders, prospective purchasers (including consultants, advisors, directors and employees thereof), principals, officers, directors, employees and other similar persons or from disclosing such information regarding this Agreement and its terms as may be required by law or by regulatory or judicial process.

l. Successors and Assigns. This Agreement and the terms, covenants, conditions, provisions, obligations, undertakings, rights and benefits hereof, including the exhibits and schedules hereto, shall be binding upon, and shall inure to the benefit of, the undersigned parties and their respective heirs, executors, administrators, representatives, successors, and assigns.

m. Further Assurances. The Levy Parties agree to execute such other documents and perform such other acts as may be requested by Owner to carry out the purposes of this Agreement.

[SIGNATURE PAGES FOLLOW]

**OWNER:**

**YL WEST 87TH STREET LLC**

By: _____

Name:

Title:

**MORTGAGE LENDER:**

**GARRISON RESIDENTIAL FUNDING LLC**

By: _____

Name:

Title:

**MEZZANINE LENDER:**

**GARRISON RESIDENTIAL FUNDING II LLC**

By: _____

Name:

Title:

**TENANT:**

**PLATINUM CREATIONS, INC.,**

By: _____

Name:

Title:

_____

**YAIR LEVY**, a natural person, on behalf of
himself and his affiliates

**OWNER:**

YL WEST 8TH STREET LLC

By: _____
Name:
Title:

**MORTGAGE LENDER:**

GARRISON RESIDENTIAL FUNDING LLC

By: _____
Name:
Title:

**MEZZANINE LENDER:**

GARRISON RESIDENTIAL FUNDING II LLC

By: _____
Name:
Title:

**TENANT:**

PLATINUM CREATIONS, INC.,

By: _____
Name:
Title:

_____
YAIR LEVY, a natural person, on behalf of
himself and his affiliates

## Exhibit A

### Property Description
### (Attached)

ALL THAT CERTAIN plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of West 87th Street and the westerly side of Columbus Avenue;

RUNNING THENCE Westerly along the northerly side of West 87th Street, 108 feet 4 inches to a point;

THENCE Northerly and parallel with the westerly side of Columbus Avenue, 100 feet 8-1/2 inches to the center line of the block;

THENCE Westerly along the center line of the block, 7 feet 8 inches to a point;

THENCE Northerly and parallel with the westerly side of Columbus Avenue, 100 feet 8-1/2 inches to the southerly side of West 88th Street;

THENCE Easterly along the southerly side of West 88th Street, 16 feet to a point;

THENCE Southerly and parallel with the westerly side of Columbus Avenue, 50 feet 8-1/2 inches to a point;

THENCE Easterly and parallel with the southerly side of West 88th Street, 100 feet to the westerly side of Columbus Avenue;

THENCE Southerly along the westerly side of Columbus Avenue, 150 feet 8-1/2 inches to the point or place of BEGINNING.


For information only: Said premises are known as 101-111 West 87th Street a/k/a 110 West 88th Street a/k/a 558-568 Columbus Avenue, New York, NY, and designated as Block 1218 Lot 29 on the Tax Map of the City of New York, County of New York.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re:

YL WEST 87TH STREET LLC,

                                        Debtor.

Chapter 11

Case No. 09-16786 (AJG)

-----------------------------------------------------------------x

YL WEST 87TH STREET LLC and THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS,

                                        Plaintiffs,

          - against -

PLATINUM CREATIONS, INC. and YAIR LEVY,

                                        Defendants.

Adv. Proc. No. 10-03345

-----------------------------------------------------------------x

## ORDER APPROVING SETTLEMENT AGREEMENT

Upon the annexed stipulation of settlement (the "Stipulation") among YL West 87th

Street LLC (the "Debtor"), Garrison Residential Funding LLC and Garrison Residential Funding II

LLC (the "Garrison Lenders"), and Yair Levy on behalf of himself and his affiliates ("Levy") and

Platinum Creations, Inc. together with any affiliate thereof ("Tenant" and together with Levy,

collectively, the "Levy Parties") and counsel to the Official Committee of Unsecured Creditors having

executed its consent to the entry of this order on the face hereof, and notice of the presentment of this

order and the annexed Stipulation having been giving to the Core Group and the 2002 List in

accordance with this Court's order approving notice dated April 23, 2010, and no objections having

been asserted, and the Debtor having represented to the Court that the Levy Parties have vacated and

surrendered the Occupied Premises (as defined in the Stipulation) in accordance with the Stipulation,

it is

ORDERED, the Stipulation be and the same hereby is approved in all respects and in accordance therewith Adversary Proceeding No. 10-03345 filed against the Levy Parties be and the same hereby is dismissed with prejudice, and in accordance with the release executed by the Levy Parties, any and all claims that may be filed by the Levy Parties against the Debtor in this case shall be expunged and shall have no force or effect..

Dated:   October , 2010

_____
UNITED STATES BANKRUPTCY JUDGE

CONSENTED TO:
TARTER KRINSKY & DROGIN LLP
*Attorneys for The Official Committee*
*of Unsecured Creditors*

By: _____
      Scott S. Markowitz, Esq.

ORDERED, the Stipulation be and the same hereby is approved in all respects and in accordance therewith Adversary Proceeding No. 10-03345 filed against the Levy Parties be and the same hereby is dismissed with prejudice, and in accordance with the release executed by the Levy Parties, any and all claims that may be filed by the Levy Parties against the Debtor in this case shall be expunged and shall have no force or effect.

Dated: October 26, 2010

**s/Arthur J. Gonzalez**
CHIEF UNITED STATES BANKRUPTCY JUDGE

CONSENTED TO:
TARTER KRINSKY & DROGIN LLP
*Attorneys for the Official Committee*
*of Unsecured Creditors*

By: s/ Scott S. Markowitz, Esq.
    Scott S. Markowitz, Esq.

## **EXHIBIT N**

SUBDIVISION LOTS

(Attached)



Existing tax Lot 29

Approximate boundaries of proposed tax lot subdivision*

*Subject to precise delineation by an architect before the tax lot subdivision filing is made

# SCHEDULE A

## SCHEDULE OF INSURANCE COVERAGES

(Attached)

Schedule A

## 101 West 87th Street

**Schedule of Insurance**
**HUB International**

As of October 6, 2010

| Coverage | Policy # | Carrier | Effective Dates | Premium | Deductible | Limits |
|----------|----------|---------|-----------------|---------|------------|--------|
| General Liability | IRG97116 | First Specialty Insurance Co. | 4/23/10 - 4/23/11 | 52,500$ | $10,000 | $1,000,000 |
| Umbrella | NY10EXC709159IV | Navigators Insurance Co. | 4/23/10 - 4/23/11 | 17,000$ | N/A | $10,000,000 |
| Umbrella | 5520145437 | Crum & Forster | 4/23/10 - 4/23/11 | 15,300$ | N/A | $15,000,000 excess of $10,000,000 |
| Property | RMP4025791808 | C.N.A. | 4/29/10 - 4/29/11 | 52,500$ | 25,000$ | $26,532,000 |
| Workers Compensation | WCC0004690 | Tower | 4/15/10 - 4/15/11 | 7,234$ | N/A | Statutory |
| Boiler & Machinery | BM219591M470 | Travelers | 4/29/10 - 4/29/11 | 1,453$ | $5,000 | $26,082,000 |